IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD THOMAS, | : | |
|     Plaintiff | : | |
| | : | |
| | : | C. A.  No. 00-81     ERIE |
| | : | |
| CITY OF ERIE, PENNSYLVANIA | : | |
| PAUL J. DeDIONISIO, Chief of Police, | : | |
| OFFICER CLARK PETERS, | : | |
| OFFICER MICHAEL NOLAN, | : | JUDGE COHILL |
| OFFICER MATT FISCHER, and | : | |
| OFFICER TODD McLAUGHLIN, | : | |
|     Defendants | : | |

**DEFENDANTS' REPLY TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AS TO ALL OF THE PLAINTIFF'S CLAIMS AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Motion for Reconsideration adds nothing new to his previous arguments that were considered and rejected by the Court.  There are no new cases or facts that would change the Court's conclusion.  Thus, the motion should be denied.

**I.    ARGUMENT**

1.    Admitted in part.  Defendants also argued (and the Court agreed) that defendants were entitled to qualified immunity (Opinion, p. 19-24).

2.    It is admitted that plaintiff filed a cross-motion for partial summary judgment on these grounds.

3.    Admitted in part. It is admitted that the Court denied both parties' motions for summary judgment on the disorderly conduct charge, and that the Court granted defendants' motion for summary judgment on the public intoxication charge, holding that there was probable cause to arrest plaintiff for public intoxication. The Court, however, also granted defendants' motion on the basis of qualified immunity. It is denied that "as a result of that decision the Court then granted the remainder of the defendants' motions for summary judgment as to plaintiff's claims for false arrest, excessive force, and for the violation of his first amendment rights, and also to his supervisor and municipal liability charges against defendant DeDionisio and the City of Erie, respectively." To the contrary, the Court examined each of the claims individually, and concluded that summary judgment was appropriate on these claims. For example, there was no evidence that excessive force was used (Opinion at 17-19), or that Chief DeDionisio or the City of Erie violated Thomas' constitutional rights (Opinion at 24-26).

4.    Denied. Even if some disputed facts were "referenced", this Court relied on facts that were undisputed in reaching its conclusion. Moreover, the Court also indicated several times in its opinion that certain facts regarding the arrest were disputed (e.g., "The parties dispute Thomas' behavior leading up to his arrest on charges of public intoxication and disorderly conduct," Opinion at 3; "[t]here is a disputed question as to whether Thomas made these statements or not…", Opinion at 14). In any event, the undisputed facts were sufficient to establish both probable cause for the arrest for public drunkenness and the basis for qualified immunity.

5.    Denied. The undisputed facts supported probable cause for the public intoxication arrest, and none of the defendants' admissions were material enough to contradict the probable cause

finding. Specifically, the following facts are undisputed ( See Defendants Peters, Nolan, Fischer and McLaughlin's Brief in Support of Their Motion for Summary Judgment at p.22):

    a.    Plaintiff had been drinking from 6:45 p.m. to 12:30 a.m.

    b.    At a minimum, plaintiff split three pitchers of beer before arriving at Latinos, drank two beers after arriving at Latinos, and was drinking a third when the raid occurred.

    c.    Latinos was known to the Erie Police as a problem bar with a reputation for violence and drugs.

    d.    During the raid, Sergeant Peters observed plaintiff return to his seat at the bar from the restroom. Sergeant Peters noticed that plaintiff was staggering and stumbling over the short distance.

    e.    All five officers at the scene, including Peters, who had 21 years experience as a police officer, concluded plaintiff was drunk.

    f.    As plaintiff returned to his seat, the bar was being raided, and there was a heated discussion between the manager and the LCE Agent. The manager discussed the raid briefly with Thomas.

    g.    Plaintiff was repeatedly told by the police to turn around and stop looking at the police officers, but he refused to do so.

    h.    When Peters approached plaintiff, Peters detected a strong smell of alcohol on plaintiff's breath, and saw his bloodshot eyes.

    i.    Agent Glenn Holmes had already made the decision to arrest plaintiff for public drunkenness before Peters' arrest.

Under these undisputed facts, a reasonable police officer would have probable cause to arrest plaintiff for being drunk in a public place. Moreover, it was reasonable for Sergeant Peters


to conclude that plaintiff was drunk to the degree that he **may** have endangered or annoyed himself or others. 18 Pa. C.S.A. § 5505 does not require that the person is endangering or annoying himself and others; it merely requires that the person **may** do so. Thus, there is an element of judgment required by an officer making an arrest under this statute. This judgment, even if mistaken, is the type of "on the spot" judgment which qualified immunity was designed to protect. Considering the context of the arrest, Peters was reasonable in reaching this conclusion.

Accordingly, the Court had "no difficulty concluding that Peters had probable cause to arrest the defendant for public intoxication…" and that "We have no doubt that a reasonable officer would have arrested Thomas for public intoxication…" (Opinion at pp. 17 and 23). Furthermore, the Court found that qualified immunity shielded the officers for the arrest for public intoxication and disorderly conduct (Opinion at 22-23).

Finally, it is not surprising that the five police officers' testimony regarding plaintiff varied slightly, since each had different vantage points of the plaintiff's behavior. What is significant, however, is that each officer definitely concluded that Thomas was drunk.

6. Admitted.

7. Denied. As stated herein at paragraph 5, the undisputed facts – even without Thomas' comments[1] - were enough for a reasonable officer to believe that Thomas was drunk. Moreover, the Court repeatedly acknowledged that Thomas disputes these facts (Opinion at 3, 14).

8. Denied. Again, the undisputed facts set forth in paragraph 5 demonstrate probable cause to arrest for public drunkenness, even without the alleged comments by Thomas. Furthermore, the Court acknowledged plaintiff's contrary position in its opinion.

---

[1] All five officers in the bar heard Thomas making obscene and loud comments, although Thomas denies saying anything at all. (Opinion at 4)

9.  Denied for the reasons stated herein.

10. Denied for the reasons stated herein.  Moreover, the test here is not whether there was evidence that Thomas violated the statute beyond a reasonable doubt, but rather if there was probable cause to make the arrest.

11. Denied. It cannot be seriously disputed that Thomas had the "potential to interfere with the LCE raid."  Considering that Latinos had a reputation for drugs and violence, and the bar was being raided by 4 SWAT officers and an LCE agent at 12:30 a.m., it is difficult to describe the atmosphere as anything but tense.

12. Denied.  The fact that the **police** concluded Latinos to be a "problem bar" cannot be disputed, despite anything the owner of Latinos said.  The officers all testified as to knifings, drug arrests and murders in or just outside Latinos.  It is hard to see why plaintiff claims this is a disputed issue.  Furthermore, Thomas admitted he had begun to drink at 6:45 p.m., and he was still drinking at 12:30 a.m.  It thus is undisputed that he had been drinking for approximately six hours before the arrest.

13. Denied. Plaintiff previously made this same argument in his brief in support of Motion for Summary Judgment at p. 16-18.  As stated in paragraph 5 herein, the undisputed facts constitute sufficient probable cause.[2]

14. Denied. Thomas testified under oath he made no comments, so it is hard to see how plaintiff can raise this issue now.  Moreover, there was sufficient probable cause to arrest for public drunkenness, even without any speech by Thomas, so whether there was probable cause to

---

[2] Furthermore, Commonwealth v. Meyer is easily distinguished. In Meyer, the Superior Court reversed the findings of the District Justice and Court of Common Pleas (who had both convicted defendant of public drunkenness) because the defendant had not voluntarily been drunk in a public place. Defendant had been drinking in a private club, and the police took him outside to the public area. Additionally, the issue in Meyer was whether defendant was guilty of public intoxication beyond a reasonable doubt, not whether there was probable cause to arrest him for public intoxication.

arrest for disorderly conduct is irrelevant. As the Court noted in its opinion, probable cause need only exist as to any offense that could be charged under the circumstances. (Opinion at 10, citing Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3rd Cir. 1994)). "In other words, if the arrest on one charge is proper, a Section 1983 plaintiff cannot recover on a claim that another offense was improperly charged." (Opinion at 10, citing Merkle v. Upper Dublin School District, 211 F.3d 782, 790 n. 7 (3rd Cir. 2000)). Moreover, an officer's subjective beliefs (here, that Thomas was criticizing them) are irrelevant in a qualified immunity analysis, as long as a reasonable officer could have believed the arrest was lawful. Anderson v. Creighton, 483 U.S. 635 (1987). Thus, the issue remains whether a reasonable officer could have arrested Thomas for public drunkenness, not whether the police "retaliated" against Thomas for his alleged speech (which Thomas denies making).

15.     Denied.  It is clear that Commonwealth v. Kelly, 758 A.2d 1284 (Pa. Super 2000), conclusively decided this issue. Before that, as Kelly specifically noted, there was no jurisprudence directly on point whether the "F-word and the gesture were obscene within the meaning of 18 Pa. C.S.A. § 5503 (a)(3)". Id. , 758 A.2d 1286. Kelly was decided ten months after the arrest here.  Plaintiff's attempt to raise this issue (again) should be easily rejected.

16.     Denied. The Court correctly found probable cause for Thomas' arrest for public intoxication. The Court repeatedly noted that some facts were disputed, and hereafter based its conclusion on undisputed facts. In addition, the Court found that defendants all were entitled to qualified immunity. Finally, as noted in the Opinion at p. 21, an officer may be immune from suit even thought the parties dispute the conduct surrounding an arrest. (Citing Saucier v. Katz, 533 U.S. 194, 202 (2001)).

## II.     **CONCLUSION**

The Court had "no difficulty concluding that Peters had probable cause to arrest the plaintiff for public intoxication." This conclusion is based on undisputed facts. Furthermore, the law regarding the use of obscene words was not resolved until <u>Commonwealth v. Kelly</u>, decided approximately 10 months after the arrest here. Finally, all defendants were entitled to qualified immunity. There is therefore no reason to reconsider the Court's Order.

          Respectfully submitted,

          <u>/s/ John J. Mead</u>
          John J. Mead, Esquire
          Suite 800 Renaissance Centre
          1001 State Street
          Erie PA  16501
          (814)  459-1726

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD THOMAS, : | |
|     Plaintiff : | |
| : | |
| : | C. A.  No. 00-81     ERIE |
| : | |
| CITY OF ERIE, PENNSYLVANIA : | |
| PAUL J. DeDIONISIO, Chief of Police, : | |
| OFFICER CLARK PETERS, : | |
| OFFICER MICHAEL NOLAN, : | JUDGE COHILL |
| OFFICER MATT FISCHER, and : | |
| OFFICER TODD McLAUGHLIN, : | |
|     Defendants : | |

## **ORDER**

And now, this _____ day of April, 2006, upon consideration of Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendants' Motions for Summary Judgment as to all of the Plaintiff's Claims and Denying Plaintiff's Cross-Motion for Summary Judgment, and Defendants' Response thereto, it is hereby ordered that said motion is denied.

 

_____
United States District Court